## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **L. N. D.,**[1] | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-24-1271-HE** |
| | ) |
| **FRANK BISIGNANO,**[2] | ) |
| **Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial by the Social Security Administration ("SSA") of her application for disabled widow's benefits. United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for proposed findings and recommendations consistent with 28 U.S.C. §§ 636(b)(1)(B) and 636(b)(3), and Federal Rule of Civil Procedure 72(b). The Commissioner has filed the administrative record ("AR"), Doc. 5, and both parties have briefed their positions, Docs. 8, 17, 18.[3] For the following reasons, the undersigned recommends that the Court reverse and remand the Commissioner's decision for further administrative proceedings.

---

[1] The Court refers to Plaintiff by initials to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2] Frank Bisignano is substituted as the proper party defendant pursuant to Federal Rule of Civil Procedure 25(d).

[3] Citations to the parties' briefs reference the Court's ECF pagination. Citations to the AR reference the document's original pagination.

I.     **Procedural Background**

Initially and on reconsideration, the SSA denied Plaintiff's application for benefits. On March 27, 2024, an administrative law judge ("ALJ") issued a decision finding Plaintiff was not disabled within the meaning of the Social Security Act.  AR 455-66.  The Appeals Council denied Plaintiff's request for review.  AR 1-6.  Accordingly, the ALJ's decision constitutes the Commissioner's final decision.

II.    **The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process required by agency regulations.  *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process); *see also* 20 C.F.R. § 404.1520 (same).  The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 457.  At step two, the ALJ determined that Plaintiff had the severe impairments of type I diabetes; peripheral neuropathy; diabetic proliferative retinopathy of the left eye; and bilateral osteoarthritis of the hands.  AR 458.  At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1.  AR 459.

At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform work at the light exertional level, as defined in 20 C.F.R. § 404.1567(b), with additional exertional and nonexertional limitations.  AR 460-64.  The ALJ then found that Plaintiff had no past relevant work.  AR 465.

Relying at the final step on the vocational expert's testimony, the ALJ found Plaintiff can perform other work existing in significant numbers in the national economy.

AR 465-66.  Therefore, the ALJ concluded that Plaintiff has not been under a disability, for purposes of the Social Security Act, since the alleged onset date.  AR 466.

## III.  Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1177 (10th Cir. 2020).  Under such review, "common sense, not technical perfection, is [the Court's] guide."  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

In reviewing the agency's factual findings, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (citation modified).  Instead, the Court "looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations."  *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation modified).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 103 (citation modified).  "It requires more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Noreja*, 952 F.3d at 1178 (citation modified).  In addition to a lack of substantial evidence, "the agency's failure to apply the correct legal standards, or show [the Court] that it has done so, is also grounds for reversal."  *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).

IV.    <u>**Analysis**</u>

Plaintiff presents several claims of error relating to her "type 1 diabetes and diabetic peripheral neuropathy, particularly on the effect to her hands and fingers, as well as the maintenance of her blood glucose." Doc. 8 at 7. The undersigned finds that the ALJ's consideration of a medical opinion requires remand and does not address Plaintiff's additional arguments.

A.    **Medical opinion of Taylor Lewis, ARPN-CNP**

From April 18, 2022, through November 20, 2023, Plaintiff's primary care physician was Taylor Lewis, ARPN-CNP. On November 21, 2022, Ms. Lewis provided the following statement:

> [Plaintiff] is a patient of mine. She is a chronic brittle Type 1 diabetic that requires frequent insulin adjustments. She consistently has severe hypoglycemic and hyperglycemic events despite insulin titration and nutrition adjustments. I would find it difficult for her to hold a stable job due to her chronic and consistent issues with hypoglycemia and hyperglycemia. Her episodes of hypoglycemia require frequent monitoring as well as attention in relation to extra sources of glucose via food or glucagon, and would consistently interrupt a day in a business. I would recommend that this patient apply for disability and that she would be an easy qualifier due to her chronic health issues.

AR 1404.[4]

---

[4] "Brittle diabetes is diabetes that's especially difficult to manage and often disrupts your everyday life. People with brittle diabetes have severe swings in glucose (sugar) levels. The swings can cause frequent episodes of low blood sugar (hypoglycemia) and/or high blood sugar (hyperglycemia). . . . Brittle diabetes isn't an official medical diagnosis — it's just a way to describe difficult-to-manage diabetes." https://my.clevelandclinic.org/health/diseases/21499-brittle-diabetes (last visited Jan. 19, 2026).

Social Security regulations set forth how the SSA is to consider medical opinions. 20 C.F.R. § 404.1520c.  In considering a medical opinion, the agency is required to articulate how persuasive it finds the opinion to be, based in part on consideration of specific factors and including explanation regarding certain of those factors.  *Id.*  Under the regulations, the "most important factors" are "supportability and consistency," and the ALJ must explain how he considers those factors.  *Id.* §§ 404.1520c(a), (b)(2).  The ALJ addressed Ms. Lewis' statement as a medical opinion and specifically considered the opinion's supportability and consistency.  AR 463.  Defendant does not challenge that Ms. Lewis' statement was a medical opinion, but argues the ALJ adequately explained his consideration of the opinion's supportability and consistency.  Doc. 17 at 10 (citing 20 C.F.R. § 404.1520c(c)(1)-(2)).

## 1.    Supportability

The ALJ found Ms. Lewis' opinion "not persuasive," asserting that it was "not supported by her own treatment notes."  AR 463.  The ALJ does not identify which of Ms. Lewis' treatment records he thinks do not support her opinion.  Other than mistakenly attributing the report of a consultative examiner to Ms. Lewis, the ALJ does not identify any treatment records as originating from Ms. Lewis.  AR 463 (citing to Exhibit 9F, AR 1396-1403, a consultative examination completed by Anita Williams, APRN); *see generally* AR 462-64 (discussing the medical record but no discussion of any records identified as Ms. Lewis').  As such, the ALJ "did not fulfill his duty to explain the supportability" of Ms. Lewis' medical opinion.  *Riley v. Comm'r, SSA*, No. 25-5007, 2025 WL 3276227, at *3 (10th Cir. Nov. 25, 2025) (remanding to the SSA when the ALJ's

discussion of supportability was so minimal the reviewing court could not follow the ALJ's reasoning).

Additionally, having reviewed the record, the undersigned finds the medical evidence reflects the following from Ms. Lewis' treatment of Plaintiff:

- 4/18/22: Plaintiff established care including for "blood sugars"; reviewed problems include "type 1 diabetes mellitus uncontrolled"; history of present illness includes that Plaintiff's "glucose levels have varied significantly over the past several months" and a discussion regarding difficulty in recognizing and treating hypoglycemia; assessments included "type 1 diabetes mellitus uncontrolled" and "type 1 diabetes mellitus with hyperglycemia." AR 1443-47, 1468-72, 1553-57.

- 4/19/22: Ms. Lewis' review of Plaintiff's lab work included the action note that her "glucose level was 47 yesterday [and] her A1C was 10 . . . continue to monitor for hypoglycemic effects." AR 1458, 1483.[5]

- 7/6/22: reviewed problems include "type 1 diabetes mellitus uncontrolled"; history of present illness includes that Plaintiff "has been having extremely variable blood sugars still [and she] had another low episode where she had to treat it in public and have her son come get her." AR 1438-41, 1463-66, 1549-52.

- 7/20/22: Ms. Lewis' review of Plaintiff's lab work included the action note that her "A1C was 9.8." AR 1449, 1474.

---

[5] Blood sugar levels below 70 mg/dL are considered low and can be dangerous. Severe low blood sugar is below 54 mg/dL, may cause a person to faint, and will often require assistance in treating the low blood sugar. https://www.cdc.gov/diabetes/about/low-blood-sugar-hypoglycemia.html (last visited Jan. 19, 2026).

"An A1C level test measures the average amount of glucose (sugar) in your blood over the past three months. The result is reported as a percentage. The higher the percentage, the higher your blood glucose levels have been, on average." https://my.clevelandclinic.org/health/diagnostics/9731-a1c (last visited Jan. 19, 2026). An A1C of 10 indicates that Plaintiff's blood sugar levels over the past few months had been extremely high.

- 10/19/22:  reviewed problems include "type 1 diabetes mellitus uncontrolled"; history of present illness includes that Plaintiff "has been taking medication as prescribed.  Side effects include: variable blood sugars.  Fasting glucose levels have been extremely variable."; review of systems includes "variable glucose levels"; and assessments include "type 1 diabetes mellitus uncontrolled" and "brittle type 1 diabetes mellitus."  AR 1521-24.

- 10/22/22:  referral order with the diagnosis of brittle type 1 diabetes mellitus.  AR 1431.

- 11/16/22:  reviewed problems include "type 1 diabetes mellitus uncontrolled"; history of present illness includes that Plaintiff "continues to have extreme ranges of glucose despite healthy eating and activity"; and assessments include "type 1 diabetes mellitus uncontrolled" and "type 1 diabetes mellitus with hyperglycemia." AR 1508-11.

- 11/28/22:  reviewed problems include "type 1 diabetes mellitus uncontrolled"; and assessments include "type 1 diabetes mellitus uncontrolled" and "type 1 diabetes mellitus with hyperglycemia." AR 1504-07.

- 12/15/22:  reviewed problems include "type 1 diabetes mellitus uncontrolled"; history of present illness includes that Plaintiff's "sugars have still been running high and low but she is able to treat them faster with her [blood sugar monitor]"; and assessments include "type 1 diabetes mellitus uncontrolled" and "type 1 diabetes mellitus with hyperglycemia."  AR 1496-99.

- 1/23/23:  reviewed problems include "type 1 diabetes mellitus uncontrolled"; history of present illness includes that Plaintiff "has been taking medications as prescribed [and] fasting glucose levels have been extremely variable.  Pt is still having episodes of glucose in 40s several days and glucose levels above 200s.  Reports that it is taking longer for her to get her glucose levels to respond with foods.  When he[r] sugars are low, she will typically drink juice, eat peanut and crackers and have to repeat every few minutes"; and assessments include "type 1 diabetes mellitus uncontrolled" and "type 1 diabetes mellitus with hyperglycemia."  AR 1488-91.

- 3/15/23:  reviewed problems include "type 1 diabetes mellitus uncontrolled"; history of present illness includes that Plaintiff experienced a seizure with very low blood sugar level ("glucose level

by the time she got home was 65 after drinking a DP"); and assessments include a referral to neurology for the seizure, with a recommendation to monitor glucose levels when seizure activity occurs. AR 1762-65.

- 4/24/23: reviewed problems include "type 1 diabetes mellitus uncontrolled"; history of present illness includes that Plaintiff "has been taking medications as prescribed [and] glucose levels still vary and she still has several hypoglycemic episodes a week"; and assessments include "type 1 diabetes mellitus uncontrolled" and "hypoglycemia" (with notes indicating Plaintiff's glucose readings at the appointment were "into low 60s"). AR 1750-54.

- 8/21/23: chief complaint was a follow-up for retinopathy due to diabetes; reviewed problems include "type 1 diabetes mellitus uncontrolled;" and review of symptoms included seizures. AR 1745-48.

- 9/25/23: reviewed problems include "type 1 diabetes mellitus uncontrolled"; history of present illness includes that Plaintiff "reports that pump is giving her insulin inappropriately and continues to give her medication with glucose < 70. She also reports that it was not dispensing insulin when her glucose levels were 600 when she was sick. . . . Pt reports that she stopped [medication] for seizure activity with hypoglycemia as it was making her have memory issues."; and assessments include "type 1 diabetes mellitus uncontrolled" and "hypoglycemia." AR 1732-36.

- 10/23/23: reviewed problems include "type 1 diabetes mellitus uncontrolled"; history of present illness includes that Plaintiff "has not had any seizure activity with low glucose levels since starting [medication]." AR 1720-24.

- 11/20/23: chief complaint was a follow-up for "type 1 diabetes mellitus uncontrolled"; reviewed problems include "type 1 diabetes mellitus uncontrolled"; history of present illness includes that Plaintiff "has not had any seizure activity with low glucose levels since starting [medication] [and] has been taking medications as prescribed. . . Fasting glucose levels have been varies greatly."; and assessments include "type 1 diabetes mellitus uncontrolled" and "type 1 diabetes mellitus with hyperglycemia." AR 1828-32.

8

"We do not reweigh the evidence or retry the case, but we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (citation modified).   Here, substantial evidence does not support the ALJ's finding that Ms. Lewis' opinion was not supported by her treatment notes.

### 2. Consistency

The ALJ additionally stated that Ms. Lewis' opinion was not persuasive because "this opinion is simply not shown enough throughout the record to be followed."  AR 463. The ALJ further explained his rejection of Ms. Lewis' opinion by asserting "it is not consistent with the treatment history as of the date of the examination and is not supported by other substantial evidence of record; including, results of clinical testing, treatment notes, diagnoses, and physical examination findings, which do not support the degree of limitation indicated." *Id.*

In his discussion of Ms. Lewis' opinion, the ALJ does not provide citation to Plaintiff's "treatment history" or the "other substantial evidence of record" on which he relies.  *See id*.  Elsewhere in his decision, with respect to Plaintiff's extremely variable blood sugar levels, the ALJ states the following:

- "The claimant is medically managed for brittle diabetes mellitus."

- "Diabetes has been medically managed with short acting insulin, Humalog and Levemir, and intense regimen of 3 insulin injections daily, and a Dexcom sensor device for frequent adjustments of insulin therapy as necessary."

- "She monitors her blood sugars 4 times per day."

- "On April 19, 2022, the claimant's type I diabetes mellitus was noted as uncontrolled."

- "As of January 11, 2023, the claimant was noted as having type I diabetes with complications."

- "The most recent medical evidence of record through October 2023 reflects that the claimant's . . . diabetes has remained poorly controlled."

- "In visits on March 3, 2023, and August 23, 2023, the claimant . . . said her diabetes was not improving and described blood sugar levels as roller coaster per her treating physician."

- "In a follow-up visit for diabetes mellitus on October 27, 2023, treatment notes indicate the claimant was taking medications as prescribed, her glucose levels were still variable, and she was having several hypoglycemic episodes a week."

AR 462-63.

In sum, the undersigned finds nothing in the ALJ's discussion of Plaintiff's extremely variable blood sugars to support the ALJ's finding that Ms. Lewis' opinion is not supported by either Plaintiff's treatment history or other substantial evidence of record. To the contrary, the ALJ's discussion of the medical evidence is consistent with Ms. Lewis' opinion regarding Plaintiff's chronic and consistent issues with hypoglycemia and hyperglycemia. The ALJ's discussion of consistency is lacking and his decision overall does not provide substantial evidence to support his conclusion that Ms. Lewis' opinion is not consistent with Plaintiff's treatment history or other substantial evidence of record.

### 3.    Conclusion

The ALJ failed to adequately explain and support his decision regarding the supportability and consistency of Ms. Lewis' opinion. Where a reviewing court "can

follow the adjudicator's reasoning in conducting [its] review, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Here, the undersigned cannot follow the ALJ's reasoning and the omissions are more than merely technical. Accordingly, reversal is recommended as the ALJ did not properly consider Ms. Lewis' opinion regarding the functional limitations caused by Plaintiff's chronic and consistent issues with hypoglycemia and hyperglycemia.

### B.    Plaintiff's Remaining Claims of Error

Because the above issue warrants remand, the undersigned does not address Plaintiff's other claims of error. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **REVERSE** and **REMAND** the Commissioner's decision for further administrative proceedings.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than February 3, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of January, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE